

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*  *(203)821-3700*
*157 Church Street*  *Fax (203) 821-3829*
*New Haven, Connecticut 06508*

April 2, 2009

Benjamin N. Gluck, Esq.
Bird Marella
1875 Century Park East
Los Angeles, CA 90067

Dear Mr. Gluck:

      Re:    <u>United States v. Stuart Wax & M.M.M Wheels, Inc.</u>
             No.

      This letter confirms the plea agreement entered into between your clients, Stuart Wax and M.M.M. Wheels, Inc (the "defendants"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the above-referenced criminal matter.

## THE PLEA AND OFFENSE

      Stuart Wax and M.M.M. Wheels, Inc., agree to waive their right to be indicted and to plead guilty to a one-count information charging them with knowingly and willfully making a materially false statement in a matter within the jurisdiction of the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), in violation of Title 18, United States Code, Section 1001.

      The government is agreeing to resolve this matter under these terms because of defendant Stuart Wax's limited shipments of items controlled by the DDTC, his voluntary cessation of such shipments before he had any knowledge that he was the subject of an investigation, the fact that he agreed to be interviewed by investigating agents, and his agreement to continue to cooperate in the government's investigation of the shipments in which he participated, all without any promises or agreements having been made about the extent of his exposure to criminal prosecution.

      The defendants understand that, to be guilty of this offense, the following essential elements must be satisfied:

      1.    That the defendant used a false document.

      2.    That the defendant knew the document contained a false entry.

3. That the entry was material.

4. That the defendant used the document knowingly and willfully.

5. The document was used in a matter within the jurisdiction of the executive branch of the government of the United States.

## **THE PENALTIES**

This offense carries maximum penalties for individuals of five years imprisonment and a fine of $250,000, and maximum penalties for organizations of five years of probation and a fine of $500,000. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. Defendant Stuart Wax understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release. 18 U.S.C. § 3583(e)(3).

The defendants may also be subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000 (individual defendant) or $500,000 (organizational defendant).

In addition, the defendants are obligated by 18 U.S.C. § 3013 to pay special assessments on each count of conviction in the respective amounts of $100.00 (individual defendants) and $400 (organizational defendants). The defendants agree to pay the special assessments to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

<u>Restitution</u>

The parties agree that the restitution provisions of 18 U.S.C. § 3663A are not applicable to this case.

Debarment

The defendants agree that their actions as described in the attached Stipulation of Offense Conduct form a basis in accordance with section 127.7 of the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. § 120, et seq., for administrative debarments by the Department of State. The defendants agree not to oppose, and to cooperate fully in the imposition of, any administrative debarments by the Department of State, and agree to execute all documents requested by the Department of State to impose such administrative debarments, including but not limited to consent agreements sufficient to support the issuance of debarment consent orders under 22 C.F.R. § 128.11. The defendants acknowledge that such administrative debarments may be for a period of at least three years from the date of the administrative debarment order signed by the Assistant Secretary of State for Political-Military Affairs, and that such administrative debarments may remain in effect thereafter unless the Department of State reinstates export privileges pursuant to section 38(g)(4) of the Arms Export Control Act and section 127.11 of the ITAR.

Defendant M.M.M. Wheels, Inc. further agrees that it shall cooperate fully with the U.S. Departments of Justice, Homeland Security, State, and Commerce, by complying with all reasonable and lawful requests for inspection, verification and monitoring of all practices relating to the export of goods by defendant M.M.M. Wheels, Inc., or any of its subsidiaries, from the United States.

Corporate Authorization

Defendant Stuart Wax agrees that he is duly authorized to enter the plea of guilty on behalf of M.M.M. Wheels, Inc.

## THE SENTENCING GUIDELINES

Applicability

The defendants understand that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 125 S. Ct. 738 (2005). The defendants expressly understand and agree that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendants, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendants further understand that they have no right to withdraw their guilty pleas if their sentences or the Guideline application is other than they anticipated.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendants' Adjusted Offense Level under section § 3E1.1(a) of the Sentencing Guidelines, based on the defendants' prompt recognition and affirmative acceptance of responsibility for the offense. Moreover, if applicable, the Government intends to file a motion with the Court pursuant to § 3E1.1(b), recommending that the Court reduce the defendants' Adjusted Offense Level by one additional level based on the defendants' prompt notification of their intention to enter pleas of guilty. This recommendation is conditioned upon the defendants' full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding their commission of the offense, of their criminal history, and of their financial condition by submitting complete and truthful financial statements. The defendants expressly understand that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if a defendant engages in any act which (1) indicates that said defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitutes a violation of any condition of release. Moreover, the Government will not make this recommendation if a defendant seeks to withdraw his plea of guilty. The defendants expressly understands that they may not withdraw their pleas of guilty if, for the reasons explained above, the Government does not make this recommendation.

Stipulation

The Government and defendant Stuart Wax stipulate that the applicable base offense level under U.S.S.G. § 2B1.1(a) is 6. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total adjusted offense level of 4. A total offense level 4, with a criminal history category I (which the parties predict defendant Stuart Wax to be) results in a range of 0 to 6 months' imprisonment, and a fine range of $250 to $5,000 (§ 5E1.2(c)).

The government and M.M.M. Wheels, Inc. further stipulate that M.M.M. Wheels, Inc.'s probation range under § 8D1.2 is one to five years, and that its base fine level under § 8C2.4 is $5,000, its culpability score under § 8C2.5 is 3, and its minimum and maximum fine multipliers under § 8C2.6 are .6 and 1.2, resulting in a fine range of $3,000 to $6,000.

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted and that a sentence within the agreed range is reasonable. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The defendants expressly understand that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendants further expressly understand that they will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government expressly reserves its right to address the Court with respect to appropriate sentences to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendants' background and character, 18 U.S.C. § 3661, with the United States Probation Office, and will provide the Probation Officer with access to its files, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Objections to Venue

The defendants, being advised that venue for the charged violation of 18 U.S.C. § 1001 lies in the Central District of California, but does not lie in the District of Connecticut, hereby waive venue in open court and consent to being charged with such violation in the District of Connecticut.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendants acknowledges that under certain circumstances they are entitled to appeal their convictions and sentences. It is specifically agreed that defendant Stuart Wax will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed six months, a three-year term of supervised release, and a fine of $5,000, even if the Court imposes such a sentence based on an analysis different from that specified above. It is also agreed that defendant M.M.M. Wheels, Inc. will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed five years of probation and a fine of $6,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The defendants expressly acknowledge that they are knowingly and intelligently waiving their appellate rights.

### Waiver of Right to Indictment

The defendants understand that they have the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that the defendants committed the offense set forth in the information before an indictment could be returned. The defendants expressly acknowledge that they are knowingly and intelligently waiving their rights to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendants understand that they have the right to be represented by an attorney at every stage of the proceeding and, if necessary, in the case of defendant Stuart Wax, one could be appointed to represent him.

The defendants understand that they have the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against them, the right not to be compelled to incriminate themselves, and the right to compulsory process for the attendance of witnesses to testify in their defense. The defendants understand that by pleading guilty they waive and give up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendants understand that if they plead guilty, the Court may ask them questions about each offense to which they plead guilty, and if they answer those questions falsely under oath, on the record, and in the presence of counsel, their answers may later be used against them in a prosecution for perjury or making false statements.

### Representation by Conflict-Free Counsel

Defendants Stuart Wax further understand that he has the right to effective assistance of counsel, including separate representation, and that he is entitled to conflict-free representation. Defendant Stuart Wax submits that his and M.M.M. Wheels, Inc.'s interests are the same in this case, and that his interest and M.M.M. Wheels, Inc.'s interests do not conflict. Because there is no good cause to believe that a conflict of interest will arise by joint representation, defendant Stuart Wax is choosing to be represented by the same counsel that represents M.M.M. Wheels, Inc. in this case. Defendant Stuart Wax knowingly and intelligently waives his right to separate representation in this case, and wishes to proceed with this choice, believing it to be in his own best interests.

Defendant M.M.M. Wheels, Inc. further understands that it has the right to effective assistance of counsel, including separate representation, and that it is entitled to conflict-free representation. Defendant M.M.M. Wheels, Inc. submits that its and Stuart Wax's interests are the same in this case, and that its interest and Stuart Wax's interests do not conflict. Because there is no good cause to believe that a conflict of interest will arise by joint representation, defendant

M.M.M. Wheels, Inc. is choosing to be represented by the same counsel that represents Stuart Wax in this case. Defendant M.M.M. Wheels, Inc. knowingly and intelligently waives its right to separate representation in this case, and wishes to proceed with this choice, believing it to be in its own best interests.

### Waiver of Statute of Limitations

The defendants understand and agree that should the conviction following their pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against the defendants, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. With respect to such commencement or reinstatement of the charges mentioned in the previous sentence, the defendants agree to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendants acknowledge that they are entering into this agreement and pleading guilty freely and voluntarily because they are guilty. The defendants further acknowledge that they are entering into this agreement without reliance upon any discussions between the Government and themselves (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in formal letter agreements), and without threats, force, intimidation, or coercion of any kind. The defendants further acknowledge their understanding of the nature of the offense to which they are pleading guilty, including the penalties provided by law. As of this time, the defendants also acknowledge their complete satisfaction with the representation and advice received from their undersigned attorney. The defendants and their undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendants in the case, other than the potential conflict caused by joint representation, as discussed above.

The defendants also expressly acknowledge that they are not "prevailing parties" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendants voluntarily, knowingly, and intelligently waive any rights they may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendants acknowledge and understand that this agreement is limited to the undersigned parties and cannot bind any other federal authority, including but not limited to the United States Department of State Directorate of Defense Trade Controls ("DDTC"), and cannot bind any state or local authority. The defendants acknowledge that no other representations have been made to them with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved, including but not limited to the DDTC. Finally, the defendants understand and acknowledge that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving them.

## COLLATERAL CONSEQUENCES

The defendants further understand that they will be adjudicated guilty of each offense to which they pleads guilty and will be deprived of certain rights. With respect to defendant Stuart Wax and defendant M.M.M. Wheels, Inc., these rights include export privileges concerning USML items. With respect to defendant Stuart Wax, these rights include the right to vote, to hold public office, to serve on a jury, to possess firearms, and to export certain items from the United States. The United States will inform the Departments of State, Commerce and Defense of the defendants' convictions. The Government also reserves the right to notify any other State or Federal agency, as well as any current or future employer, of the fact of the defendants' convictions. Finally, defendant Stuart Wax understands that, pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from him for analysis and indexing.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendants' guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of each defendant arising out of the actual and attempted purchases of USML parts by the defendants, and their actual and attempted exports of same without obtaining proper export licenses and approval, during the period between January 2003 and December 2004.

The defendants understand that if, before sentencing, they violate any term or condition of this agreement, engage in any criminal activity, or fail to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendants will not be permitted to withdraw their pleas of guilty.

## NO OTHER PROMISES

The defendants acknowledge that no other promise, agreement, or condition has been entered into, other than those set forth in this plea agreement and any other written agreement signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Sincerely,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

_____
HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY


Stuart Wax certifies that he has read this plea agreement letter, that he has had ample time to discuss this agreement with counsel, and that he fully understands and accepts its terms, both individually and a representative of M.M.M. Wheels, Inc.

_____         4/2/09
STUART WAX                              Date


I have thoroughly read, reviewed and explained this plea agreement to my clients, who advise me that they understand and accept its terms.

_____         4/2/09
BENJAMIN GLUCK, ESQ.                    Date
Attorney for the Defendants

## STIPULATION OF OFFENSE CONDUCT

The defendants Stuart Wax and M.M.M. Wheels, Inc. and the Government stipulate and agree to the following offense conduct that gives rise to the defendants' agreement to plead guilty to the information:

On or about April 9, 2003, defendant Stuart Wax and his company, defendant M.M.M. Wheels, Inc., which company did business under the name "M.M.M." on the pertinent correspondence, submitted a purchase order to Chrisbarry Aircraft Corp. ("Chrisbarry") for two cylinder assemblies, part no. 841718. That particular cylinder assembly is used in the F-4 fighter jet aircraft, and is included on the United States Munitions List ("USML"). The USML is promulgated by the United States Department of State, Directorate of Trade Controls ("DDTC"), and consists of military parts and services that ordinarily may not be exported without a license issued by the DDTC.

Also on or about April 9, 2003, defendant Stuart Wax, acting on behalf of and for the benefit of M.M.M. Wheels, Inc., executed an export control "acknowledgment" provided by Chrisbarry on the purchase order for the two cylinder assemblies, part no. 841718. The export control acknowledgment was signed by defendant Stuart Wax, and warned that the purchase order may include USML items or other items controlled by the United States government, that such items cannot be exported without a valid export authorization from the United States government, and that it was the purchaser's responsibility to determine the applicable requirements and to obtain the necessary authorizations.

On or about April 28, 2003, defendant Stuart Wax, doing business as M.M.M., purchased from Chrisbarry two cylinder assemblies, part no. 841878, for a total of $611.46.

On or about May 3, 2003, defendant Stuart Wax, acting on behalf of and for the benefit of M.M.M. Wheels, Inc., caused the two cylinder assemblies to be shipped to Eli Cohen, Q.P.S. Ltd, in Binyamina, Israel, without having obtained the requisite approval and export license from the Department of State, DDTC. In arranging for the shipment of those items, defendant Stuart Wax, acting on behalf of and for the benefit of M.M.M. Wheels, Inc., caused the Federal Express International Waybill falsely to describe the contents of the package as "plumbing parts for repair." In fact, as defendant Stuart Wax knew, the contents of the package were cylinder parts (for military aircraft), which could not be exported without a license from the United States government.

Federal regulations pertaining to the USML define Air Waybills as export control documents. 22 C.F.R. 127.2(b)(11). Those regulations further provide that "[a]ny false statement... in an export ... control document will be considered as made in a matter within the jurisdiction of a department or agency of the United States for the purposes of 18 U.S.C. 1001 . . . ." 22 C.F.R. § 127.2.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
STUART WAX
Defendant, individually and on
behalf of M.M.M. Wheels, Inc.

_____
HENRY K. KOPEL
Assistant United States Attorney

_____
BENJAMIN GLUCK, ESQ.
Attorney for the Defendants